IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Rasheed Debnam, ) | C/A No. 4:15-2939-TMC-TER |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| J. Meeks, Warden FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Brian Rasheed Debnam, a self-represented prisoner confined at Federal Correctional Institution ("FCI") Williamsburg, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**[1]

On January 8, 2007, Petitioner pleaded guilty to one count of being a felony in possession of a firearm. See Docs. # 46-47 of Cr. Case No. 5:06-cr-98. On August 7, 2007, at Petitioner's sentencing hearing, the court determined that Petitioner was an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, and calculated Petitioner's advisory guideline range to be 188 to 235 months' imprisonment. See Doc. # 81 of Cr. Case No. 5:06-cr-98. He was sentenced on to one hundred ninety-eight months imprisonment. See Doc. # 59 of Cr. Case No. 5:06-cr-98. Petitioner

---

[1]The Court may take judicial notice of the filings in Petitioner's underlying criminal case (Cr. Case No. 5:06-cr-98) out of the Eastern District of North Carolina (Western Division). See generally, Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); See also Colonial Penn Ins. Co. v. Coil, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue).

filed a document which was docketed as a notice of appeal in January of 2009. See Doc. # 62 of Cr. Case No. 5:06-cr-98. The Fourth Circuit Court of Appeals dismissed the appeal as being untimely filed. See Docs. # 66-67 of Cr. Case No. 5:06-cr-98. In December of 2013, Petitioner filed a petition pursuant to 28 U.S.C. Section 2255, which was dismissed by the District Court by Order filed July 30, 2014. See Docs. # 69-81 of Cr. Case No. 5:06-cr-98. Petitioner's appeal of the same was dismissed. See Docs. # 87-88 of Cr. Case No. 5:06-cr-98. In the instant petition, Petitioner alleges that he has was improperly sentenced as an armed career criminal, and cites Johnson v. United States, 560 U.S. ____ (2015).

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."  Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)); see also United States v. Surratt, 797 F.3d 240, 246 (4th Cir. 2015) ("Section 2255 provides the ordinary means for a federal prisoner to challenge his conviction or sentence.").  In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed.  See In re Vial, 115 F.3d at 1194 n.5.  A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Surratt, 797 F.3d at 247 ("If a federal prisoner brings a § 2241 petition that does not fall within the scope of this 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' even if the Government supports the prisoner's position.") (quoting Rice, 617 F.3d at 807)).[3]

The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Surratt, 797 F.3d at 247 (quoting In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000)).

Moreover, the Fourth Circuit has repeatedly held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction, Surratt, 797 F.3d at 247, and does not extend to petitioners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); see also Rouse v. Wilson, 584 F. App'x 76 (4th Cir. 2014)

---

[3] Petitioner indicates that he has been unsuccessful in seeking relief under § 2255. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." See In re Vial, 115 F.3d at 1194 n.5 (citations omitted); see also Surratt, 797 F.3d at 252 (same).

(finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an Armed Career Criminal Act ("ACCA") sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause). As "the Supreme Court has told us," actual innocence " 'means factual innocence, not mere legal insufficiency.' " Surratt, 797 F.3d at 250 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).

In this case, Petitioner provides no factual allegations to plausibly suggest that the conduct for which he was convicted has been deemed non-criminal by any substantive law change since his direct appeal and first § 2255 motion. Instead, Petitioner challenges the legal classification of being deemed an armed career criminal, which "constitutes the sort of argument . . . deemed insufficient" by the Fourth Circuit to trigger relief under the savings clause. Surratt, 797 F.3d at 250. As Petitioner cannot satisfy the criteria to invoke § 2255's savings clause and proceed under § 2241, the instant Petition is subject to summary dismissal. Surratt, 797 F.3d at 268.

To the extent Petitioner asserts that § 2241 relief should be available to challenge a sentence imposed above the statutory maximum, the court notes that the Fourth Circuit specifically declined to decide that issue in Surratt and did not overrule Fourth Circuit precedent holding that petitioners cannot use the savings clause to challenge their sentences. Surratt, 649 F.3d at 269; cf. Poole, 531 F.3d at 267 n.7.

The United States Supreme Court recently held that the residual clause of the ACCA is unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551 (2015). However, the Court's holding in Johnson did not make the conduct for which the instant Petitioner was convicted non-criminal. Thus, under Fourth Circuit precedent, Petitioner would be unable to satisfy § 2255's

savings clause to seek relief under § 2241 based on Johnson.  See Swanson v. Zych, C/A No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015) ("Because the Johnson decision had no effect on the criminality of [the petitioner's] offense conduct . . . he cannot proceed with his claim under § 2241."); see also Surratt, 797 F.3d at 247.  Moreover, Johnson has not been determined by the Supreme Court to be retroactive to cases on collateral review and circuit courts are split on whether the Johnson rule may be retroactively applied.  Cf. Price v. United States, 795 F.3d 731, 734 (7th Cir. 2015) (yes), with In re Gieswein, No. 15-6138, 2015 WL 5534388 (10th Cir. Sept. 21, 2015) (no); In re Rivero, 797 F.3d 986 (11th Cir. 2015) (no).

To the extent that Petitioner is arguing that any of his North Carolina convictions have been improperly used to enhance a sentence in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the Court notes that Simmons did not decriminalize the conduct for which Petitioner was convicted.  See Surratt, 797 F.3d at 246 (affirming district court's conclusion that a petitioner could not challenge his sentence and obtain relief under § 2241 where he "could not establish that Simmons rendered any of his conduct 'noncriminal'").

### III. Conclusion

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.[4]

                                                   s/ Thomas E. Rogers, III
                                                   Thomas E. Rogers, III
                                                   UNITED STATES MAGISTRATE JUDGE

October 28, 2015
Columbia, South Carolina
       *The parties' attention is directed to the important notice on the next page.*

---

[4] The Clerk of Court is directed to send a courtesy copy of this Report and Recommendation to the Federal Public Defender for this District. See Standing Order (re: defendants impacted by the Supreme Court's decision in Johnson), No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).