IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brian Rasheed Debnam, ) | |
| ) | C/A No. 4:15-2939-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| J. Meeks, Warden FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, Brian Rasheed Debnam, an inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was sentenced in the District Court of North Carolina and is presently confined at the Federal Correctional Institution in Williamsburg, South Carolina. Petitioner alleges that he has was improperly sentenced as an armed career criminal, and cites to *Johnson v. United States*, 560 U.S. 2551 (2015).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.[1] The magistrate judge filed a Report and Recommendation ("Report") recommending that this case be dismissed without prejudice. (ECF No. 12). As set out in the Report, on January 8, 2007, Petitioner pled guilty to one count of being a felon in possession of a firearm, and was sentenced as an armed career criminal under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4., to one hundred ninety-eight months (189) imprisonment. (Report at 1-2). Petitioner filed a direct appeal which the Fourth Circuit Court of Appeals dismissed as untimely. (Report at 2). In December 2013, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2255, which was dismissed by the district court. *Id*. Petitioner's appeal was dismissed.

---

[1] The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Petitioner then filed this petition pursuant to § 2241. *Id.*

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (*citing In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the 2255 savings clause which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Section 2255 relief is inadequate or ineffective when

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 329 (4th Cir. 2000). In *Surratt v. United States*, 797 F.3d 240 (4th Cir. 2015), reh'g en banc granted and opinion vacated (Dec. 2, 2015), a Fourth Circuit panel held that *Jones* requires "actual innocence of a criminal act" for relief under § 2241. *Id.* at 247. Thus, the panel held that substantive law changes regarding elements of sentence enhancements, as opposed to elements of the criminal offense, cannot be the basis of a § 2241 petition. *Id.* at 247-48.

Relying on *Surratt*, in his Report, the magistrate judge found the § 2255 savings clause inapplicable here. The magistrate judge recommended that this § 2241 petition be dismissed without prejudice  Petitioner timely filed objections to the Report. (ECF No. 16). On December 7, 2015, Petitioner then filed a motion to stay this action pending the Fourth Circuit Court of Appeal' decision following an en banc hearing in *Surratt*. (ECF No. 21). The court granted the motion on January 20, 2016. (ECF No. 24).

Since then, however, the United States Supreme Court has ruled that the *Johnson* decision announced a new rule of constitutional law and is retroactive. *Welch v. United States*, 136 S.Ct. 1257 (2016). Thus, Petitioner can now seek relief for his *Johnson* claims pursuant to § 2255, after he obtains authorization from the Fourth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(2).[2] Thus, Petitioner could not satisfy the § 2255 savings clause and any decision in *Surratt* will not alter the outcome as to Petitioner's *Johnson* claim as relief is now available to the Petitioner under § 2255(h)(2). Because Petitioner can obtain the relief he seeks using a § 2255 motion if he is entitled to it, the court lacks jurisdiction to consider the § 2241 motion. See 28 U.S.C. § 2255(e); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). And in fact, the court notes that it appears that, after obtaining authorization from the Fourth Circuit Court of Appeals, Petitioner filed a § 2255 motion in the sentencing court on June 2, 2016. *Debnam v. USA*, C/A No. 5:16-cv-310 (E.D. N.C. 2016).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Petitioner's objections are without merit and adopts the Magistrate Judge's Report (ECF No. 12). Accordingly, this action is **DISMISSED** without prejudice.

A certificate of appealability will not be issued absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See*

---

[2] A second or successive § 2255 motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain -

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 9, 2016